NO FAX

1
2  Paul Alec Monje
   22695 Martin Street
3  Perris, CA 92570
   (951) 346-6153
4  xrz.paul92@gmail.com

5  Pro se

6

7

8

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

9  PAUL ALEC MONJE,                          :       Case No.
                         Plaintiff,          :
10                                           :
11  EQUIFAX; TRANS UNION;                     :   ED CV 12 - 00497 GHK(DTBx)
    HOUSEHOLD CREDIT SERVICES;               :
12  SEARS/CBNA; SEARS/CITIBANK SD,           :   **COMPLAINT FOR CIVIL**
    NA; AMERICAN GENERAL FINANCE;            :   **PENALTIES, INJUNCTIVE,**
13  MIDLAND CREDIT MGMT INC.; BANK           :   **PUNITIVE DAMAGES,**
    OF AMERICA; CHASE BANK USA, NA;          :   **AND OTHER RELIEF**
14  GECRB/HOME DESIGN-OU;                    :
15  HOUSEHOLD FINANCE CO.;  HSBC             :   (Verified)
    BANK; WELLS FARGO; GECRB/JC              :
16  PENNEY; ASSET ALLIANCE LLC; HFC;         :
17              Defendants.                   :

18      Comes now, Paul Alec Monje, Plaintiff respectfully filing his Complaint for Civil

19  Penalties, and sets forth the following in support thereof:

20  1. Plaintiff brings this action under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. sections
21
22  1681-1681u, to obtain monetary civil penalties and injunctive or other relief for defendants'
23
    violations of the FCRA.
24
                          **JURISDICTION AND VENUE**
25
26  2. This Court has jurisdiction over subject matter pursuant 28 U.S.C. ss 1331, 1337(a), 1345, and

27  1355, and under 15 U.S.C. s 1681p.

28  3. Venue is proper in the United States District Court for the Central District of

California under 28 U.S.C. sections 1391(b) - (c) and 1395(a).

## PARTIES TO THE ACTION

4. PLAINTIFF:  Plaintiff, Paul Alec Monje, is and at all times stated herein a natural born citizen of the State of California whose current address is 22695 Martin Street, Perris, CA 92570. Plaintiff is currently 19 years of age and a full time student registered at Cal State University, San Bernardino Campus.

**DEFENDANTS:**

5.  Defendant, Trans Union, is a credit reporting agency as defined by the FCRA whose current address is P.O. Box 2000, Chester, PA 19022.

6.  Defendant, Equifax, is a credit reporting agency as defined by the FCRA whose current address is P.O. Box 740241, Atlanta, GA 30374.

7.  Defendant, Household Credit Services, is a for profit financial institution licensed and doing business in California. Principal place of business is P.O. Box 98706, Las Vegas, NV 89193-8706.

8.  Defendant, Sears/CBNA, is a for profit financial institution licensed and doing business in California. Principal place of business is 133200 Smith Road, Cleveland, OH 44130.

9.  Defendant, Sears/Citibank SD, NA, is a for profit financial institution licensed and doing business in California. Principal place of business is 8725 West Sahara Ave., The Lakes, NV 89163-0001.

10.  Defendant, American General Finance, is a financial institution licensed and doing business in California. Principal place of business is 601 NW Second Street, P.O. Box 59, Evansville, IN 47701-0059.

11.  Defendant, Midland Credit MGMT INC., is a financial institution licensed and doing

business in California. Principal place of business is 8875 Aero Drive Ste 200, San Diego, CA 92123-2255.

12.  Defendant, Bank of America, is a financial institution licensed and doing business in California. Principal place of business is P.O. Box 15026, Wilmington, DE 19850-5026.

13.  Defendant, Chase Bank USA, NA, is a financial institution licensed and doing business in California. Principal place of business is P.O. Box 15298, Wilmington, DE 19850.

14.  Defendant, GECRB/Home Design-OU, is a financial institution licensed and doing business in California. Principal place of business is P.O. Box 981439, El Paso, TX 79998-1439.

15.  Defendant, Household Finance CO, is a financial institution licensed and doing business in California. Principal place of business is 1421 Kristina Way, Chesapeake, VA 233209817.

16.  Defendant, HSBC Bank, is a financial institution licensed and doing business in California. Principal place of business is P.O. Box 98706, Las Vegas, NV 891938706.

17.  Defendant, Wells Fargo, is a financial institution licensed and doing business in California. Principal place of business is, 4143 121st Street, Urbandale, IA 503232310.

18.  Defendant, GECRB/JC Penneys, is a financial institution licensed and doing business in California. Current registered address is, P.O. Box 965005, Orlando, FL 328965005.

19.  Defendant, Asset Acceptance LLC, is a financial institution licensed and doing business in California. Current registered address is, P.O. Box 1630 Warren, MI 48090.

20.  Defendant, HFC, is a financial institution licensed and doing business in California. Current registered address is, P.O. Box 3425 Buffalo, NY 14240.

### STATEMENT OF FACTS:

21.  Plaintiff graduated High School on or about May of 2010 from Citrus Hill High School in Perris, California.

22. On or about December of 2010 Plaintiff applied to seven different colleges seeking a professional degree.

23. Five of the aforesaid Colleges denied Plaintiffs application without stating the reasons.

24. On or about mid May 2011, Plaintiff made a telephonic application to Wells Fargo for an Education Connection Loan.

25. On or about on June 2011, Wells Fargo Financial Services sent Plaintiff a denial of his application for a Educational Connection Loan, which contained instructions on how to get a copy of his consumer report. See Exhibit 1.

26. On or about mid April 2011, Plaintiff received a credit report from TransUnion Credit Services. Therein it contained 14 false credit reports.

27. On or about the first week of June 2011, Plaintiff sent a Dispute Letter asking defendants TransUnion, Equifax, Experian, and each of the named defendants to investigate the false entries on his credit report. Plaintiff enclosed a copy of his Birth Certificate and his Social Security Card, to prove that he was 18 years of age. See Exhibit 2.

28. Said Dispute Letter's were sent certified return receipt. See Exhibit 3

29. Ultimately Plaintiff was approved for a CAL Grant at a Cal State University to cover tuition.

30. Plaintiff was accepted to Cal State University San Bernardino and first attended Fall Quarter of 2011 and attends to date

31. Two of the named creditors investigated and removed the false information from Plaintiff's credit report.

32. All named Defendants have failed to investigate the false reports.

33. All named Defendants have failed to provide Plaintiff of a copy of any investigation into the veracity of the reports in question.

34. All of the named defendants have deliberately refused to remove the false information from Plaintiff's credit report.

## THE FAIR CREDIT REPORTING ACT [FCRA]

35. The FCRA is a United States Federal law that regulates the collection, dissemination, and use of consumer credit information. The FCRA was enacted in 1970 and became effective on April 25, 1971, and has been in force since that date.

36. Said Act was enacted to protect the consumer from potential defamation of character by providing administrative procedures for disputing false and or inaccurate information being disseminated. FCRA provides punitive damages for willful acts of noncompliance.

## CAUSE OF ACTION: VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

Credit Reporting Agency.

37. The FCRA requires any Credit Reporting Agencies [CRA] to conduct a "reasonable investigation" to determine whether disputed information is accurate. [15 U.S.C. s 1681i(a)(1)(A)]. The CRA is to promptly give notice of dispute to the furnisher of the disputed information and ask for verification. [15 U.S.C. s 1681(a)(2)] And should the dispute be determined to be "frivolous or irrelevant" the FCRA requires each CRA to provide the consumer within a specified time frame  the results of the investigation [15 U.S.C. s 1681i(a)(3)] and to notify the consumer of the right to add a statement to the consumers file disputing the accuracy of the information.. [15 U.S.C. s 1681s-2(a)(5)(B)(iii)(III)]

Furnishers of Information to CRA.

38. The FCRA provides the consumer the right to contact the furnisher of the disputed information directly  [15 U.S.C. s 1681s-2(a)(8)(D) ] which requires the furnisher to provide a report of the results of their investigation to the consumer within a specified period of time. [15

U.S.C. s 1681s-2(a)(8)(E)]

<u>Damages.</u>

39. For willful violation of this Title the FCRA allows for actual damages, penalties, punitive damages and attorneys fees. [15U.S.C. s 1681n].

Failure to Comply with FCRA.

40. In the course of their business, all the named defendants failed to comply with the aforesaid requirements of the FCRA. Plaintiff was never contacted and informed of any investigation by even one of the named defendants. Surely a "reasonable investigation" would include verifying that the Social Security Number in the account in question was assigned to an 18 year old and not a 68 year old consumer.

41. Furthermore, a "reasonable investigation" would reveal that the accounts in question all predated Plaintiff's coming of legal age to contract and therefore any such contract would have been void and unenforceable.

42. All named Defendants accessed Plaintiffs credit account without permissible purpose.

43. The acts, omissions and practices alleged in hereinabove constitute violations of the FCRA.

<strong>CIVIL PENALTIES AND INJUNCTIVE RELIEF<br/>FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT</strong>

44. The named Defendants have willfully violated the FCRA as described above, with actual knowledge or knowledge fairly implied on the basis of objective circumstances, as set forth in FCRA, 15 U.S.C. s 1681.

45. The FCRA, 15 U.S.C. s 1681n, authorizes the Court to award monetary civil penalties per violation of Section 15 U.S.C. s 1681 and punitive damages for willful noncompliance pursuant to 15 UI.S.C. s 1681n(2) and reasonable costs of the action.

46. Each instance in which a Defendant filed a false report, constitutes a separate violation of the

FCRA for which plaintiff seeks monetary civil penalties under the FCRA, 15 U.S.C. s 1681n and punitive damages for willful noncompliance.

## FURNISHER OF INFORMATION VIOLATIONS.

### HOUSEHOLD CREDIT SERVICES

47. Defendant, Household Credit Services Account #540791502533XXXX, did report false information to Equifax Credit Reporting Agency which information damaged Plaintiff's reputation and credibility.

48. Defendant, Household Credit Services Account #540791502533XXXX, did report false information to Experian Credit Reporting Agency which information damaged Plaintiff's reputation and credibility.

49. Defendant, Household Credit Services Account #540791502533XXXX, did report false information to Trans Union Credit Reporting Agency which information damaged Plaintiff's reputation and credibility.

### SEARS/CBNA

50. Defendant, Sears/CBNA Account #504994011388XXXX, did report false information to Equifax Credit Reporting Agency which information damaged Plaintiff's reputation and credibility.

51. Defendant, Sears/CBNA Account #504994011388XXXX, did report false information to Experian Credit Reporting Agency which information damaged Plaintiff's reputation and credibility.

52. Defendant, Sears/CBNA Account #504994011388XXXX, did report false information to Trans Union Credit Reporting Agency which information damaged Plaintiff's reputation and credibility.

### SEARS/CITIBANK SD, NA

53. Defendant, Sears/Citibank SD, NA Account #512107502687XXXX, did report false information to Equifax Credit Reporting Agency which information damaged Plaintiff's reputation and credibility.

54. Defendant, Sears/Citibank SD, NA Account #512107502687XXXX, did report false information to Experian Credit Reporting Agency which information damaged Plaintiff's reputation and credibility

55. Defendant, Sears/Citibank SD, NA Account #512107502687XXXX, did report false information to Trans Union Credit Reporting Agency which information damaged Plaintiff's

reputation and credibility.

## AMERICAN GENERAL FINANCE

56. Defendant, American General Finance Account #1103244601734XXXX, did report false information to Equifax Credit Reporting Agency which information damaged Plaintiff's reputation and credibility.

57. Defendant, American General Finance Account #1103244601734XXXX, did report false information to Experian Credit Reporting Agency which information damaged Plaintiff's reputation and credibility.

58. Defendant, American General Finance Account #1103244601734XXXX, did report false information to Trans Union Credit Reporting Agency which information damaged Plaintiff's reputation and credibility.

## MIDLAND CREDIT MGMT INC.

59. Defendant, Midland Credit MGMT INC. Account #854088XXXX, did report false information to Equifax Credit Reporting Agency which information damaged Plaintiff's reputation and credibility.

60. Defendant, Midland Credit MGMT INC. Account #854088XXXX, did report false information to Experian Credit Reporting Agency which information damaged Plaintiff's reputation and credibility.

61. Defendant, Midland Credit MGMT INC. Account #854088XXXX, did report false information to Trans Union Credit Reporting Agency which information damaged Plaintiff's reputation and credibility.

## BANK OF AMERICA

62. Defendant, Bank of America Account #431351499123XXXX, did report false information to Equifax Credit Reporting Agency which information damaged Plaintiff's reputation and credibility.

63. Defendant, Bank of America Account #431351499123XXXX, did report false information to Experian Credit Reporting Agency which information damaged Plaintiff's reputation and credibility.

64. Defendant, Bank of America Account #431351499123XXXX, did report false information to Trans Union Credit Reporting Agency which information damaged Plaintiff's reputation and credibility.

## CHASE BANK USA, NA

65. Defendant, Chase Bank USA, NA Account #455953500002XXXX, did report false

reputation and credibility.

## AMERICAN GENERAL FINANCE

56. Defendant, American General Finance Account #1103244601734XXXX, did report false information to Equifax Credit Reporting Agency which information damaged Plaintiff's reputation and credibility.

57. Defendant, American General Finance Account #1103244601734XXXX, did report false information to Experian Credit Reporting Agency which information damaged Plaintiff's reputation and credibility.

58. Defendant, American General Finance Account #1103244601734XXXX, did report false information to Trans Union Credit Reporting Agency which information damaged Plaintiff's reputation and credibility.

## MIDLAND CREDIT MGMT INC.

59. Defendant, Midland Credit MGMT INC. Account #854088XXXX, did report false information to Equifax Credit Reporting Agency which information damaged Plaintiff's reputation and credibility.

60. Defendant, Midland Credit MGMT INC. Account #854088XXXX, did report false information to Experian Credit Reporting Agency which information damaged Plaintiff's reputation and credibility.

61. Defendant, Midland Credit MGMT INC. Account #854088XXXX, did report false information to Trans Union Credit Reporting Agency which information damaged Plaintiff's reputation and credibility.

## BANK OF AMERICA

62. Defendant, Bank of America Account #431351499123XXXX, did report false information to Equifax Credit Reporting Agency which information damaged Plaintiff's reputation and credibility.

63. Defendant, Bank of America Account #431351499123XXXX, did report false information to Experian Credit Reporting Agency which information damaged Plaintiff's reputation and credibility.

64. Defendant, Bank of America Account #431351499123XXXX, did report false information to Trans Union Credit Reporting Agency which information damaged Plaintiff's reputation and credibility.

## CHASE BANK USA, NA

65. Defendant, Chase Bank USA, NA Account #455953500002XXXX, did report false

information to Equifax Credit Reporting Agency which information damaged Plaintiff's reputation and credibility.

66. Defendant, Chase Bank USA, NA Account #455953500002XXXX, did report false information to Experian Credit Reporting Agency which information damaged Plaintiff's reputation and credibility.

67. Defendant, Chase Bank USA, NA Account #455953500002XXXX, did report false information to Trans Union Credit Reporting Agency which information damaged Plaintiff's reputation and credibility.

## GECRB/HOME DESIGN-OU

68. Defendant, GECRB/Home Design-OU Account #605140080014XXXX, did report false information to Equifax Credit Reporting Agency which information damaged Plaintiff's reputation and credibility.

69. Defendant, GECRB/Home Design-OU Account #605140080014XXXX, did report false information to Experian Credit Reporting Agency which information damaged Plaintiff's reputation and credibility.

70. Defendant, GECRB/Home Design-OU Account #605140080014XXXX, did report false information to Trans Union Credit Reporting Agency which information damaged Plaintiff's reputation and credibility.

## HOUSEHOLD FINANCE CO

71. Defendant, Household Finance CO Account #2135840017XXXX, did report false information to Equifax Credit Reporting Agency which information damaged Plaintiff's reputation and credibility.

72. Defendant, Household Finance CO Account #2135840017XXXX, did report false information to Experian Credit Reporting Agency which information damaged Plaintiff's reputation and credibility.

73. Defendant, Household Finance CO Account #2135840017XXXX, did report false information to Trans Union Credit Reporting Agency which information damaged Plaintiff's reputation and credibility.

## WELLS FARGO

74. Defendant, Wells Fargo Account #14291796XXXX, did report false information to Equifax Credit Reporting Agency which information damaged Plaintiff's reputation and credibility.

75. Defendant, Wells Fargo Account #14291796XXXX, did report false information to Experian Credit Reporting Agency which information damaged Plaintiff's reputation and credibility.

76. Defendant, Wells Fargo Account #14291796XXXX, did report false information to Trans Union Credit Reporting Agency which information damaged Plaintiff's reputation and credibility.

## GECRB/JC PENNYS

77. Defendant, GECRB/JC Penneys Account #600889824760XXXX, did report false information to Equifax Credit Reporting Agency which information damaged Plaintiff's reputation and credibility.

78. Defendant, GECRB/JC Penneys Account #600889824760XXXX, did report false information to Experian Credit Reporting Agency which information damaged Plaintiff's reputation and credibility.

79. Defendant, GECRB/JC Penneys Account #600889824760XXXX, did report false information to Trans Union Credit Reporting Agency which information damaged Plaintiff's reputation and credibility.

## ASSET ACCEPTANCE LLC

80. Defendant, Asset Acceptance LLC Account #4191XXXX, did report false information to Equifax Credit Reporting Agency which information damaged Plaintiff's reputation and credibility.

81. Defendant, Asset Acceptance LLC Account #4191XXXX, did report false information to Experian Credit Reporting Agency which information damaged Plaintiff's reputation and credibility.

82. Defendant, Asset Acceptance LLC Account #4191XXXX, did report false information to Trans Union Credit Reporting Agency which information damaged Plaintiff's reputation and credibility.

## HFC

83. Defendant, HFC Account #840018XXXX did report false information to Equifax Credit Reporting Agency which information damaged Plaintiff's reputation and credibility.

84. Defendant, HFC Account #840018XXXX, did report false information to Experian Credit Reporting Agency which information damaged Plaintiff's reputation and credibility.

85. Defendant, HFC Account #840018XXXX, did report false information to Trans Union Credit Reporting Agency which information damaged Plaintiff's reputation and credibility.

## CRA VIOLATIONS

## EQUIFAX

86. Equifax did publish and disseminate that Plaintiff's, Household Credit Services Account #540791502533XXXX, was delinquent. This is false information which has damaged Plaintiff's reputation and credibility.

87. Equifax did publish and disseminate that Plaintiff's, Sears/CBNA Account #504994011388XXXX, was delinquent. This is false information which has damaged Plaintiff's reputation and credibility.

88. Equifax did publish and disseminate that Plaintiff's, Sears/Citibank SD, NA Account #512107502687XXXX, was delinquent. This is false information which has damaged Plaintiff's reputation and credibility.

89. Equifax did publish and disseminate that Plaintiff's, American General Finance Account #1103244601734XXXX, was delinquent. This is false information which has damaged Plaintiff's reputation and credibility.

90. Equifax did publish and disseminate that Plaintiff's, Midland Credit MGMT INC. Account #854088XXXX, was delinquent. This is false information which has damaged Plaintiff's reputation and credibility.

91. Equifax did publish and disseminate that Plaintiff's, Bank of America Account #431351499123XXXX, was delinquent. This is false information which has damaged Plaintiff's reputation and credibility.

92. Equifax did publish and disseminate that Plaintiff's, Chase Bank USA, NA Account #455953500002XXXX, was delinquent. This is false information which has damaged Plaintiff's reputation and credibility.

93. Equifax did publish and disseminate that Plaintiff's, GECRB/Home Design-OU Account #605140080014XXXX, was delinquent. This is false information which has damaged Plaintiff's reputation and credibility.

94. Equifax did publish and disseminate that Plaintiff's, Household Finance CO Account #2135840017XXXX, was delinquent. This is false information which has damaged Plaintiff's reputation and credibility.

95. Equifax did publish and disseminate that Plaintiff's, Wells Fargo Account #14291796XXXX, was delinquent. This is false information which has damaged Plaintiff's reputation and credibility.

96. Equifax did publish and disseminate that Plaintiff's, GECRB/JC Penneys Account #600889824760XXXX, was delinquent. This is false information which has damaged Plaintiff's reputation and credibility.

97. Equifax did publish and disseminate that Plaintiff's, Asset Acceptance LLC Account

#4191XXXX, was delinquent. This is false information which has damaged Plaintiff's reputation and credibility.

98. Equifax did publish and disseminate that Plaintiff's, HFC Account #840018XXXX, was delinquent. This is false information which has damaged Plaintiff's reputation and credibility.

## CRA VIOLATIONS

### EXPERIAN

99. Experian did publish and disseminate that Plaintiff's, Household Credit Services Account #540791502533XXXX, was delinquent. This is false information which has damaged Plaintiff's reputation and credibility.

100. Experian did publish and disseminate that Plaintiff's, Sears/CBNA Account #504994011388XXXX, was delinquent. This is false information which has damaged Plaintiff's reputation and credibility.

101. Experian did publish and disseminate that Plaintiff's, Sears/Citibank SD, NA Account #512107502687XXXX, was delinquent. This is false information which has damaged Plaintiff's reputation and credibility.

102. Experian did publish and disseminate that Plaintiff's, American General Finance Account #1103244601734XXXX, was delinquent. This is false information which has damaged Plaintiff's reputation and credibility.

103. Experian did publish and disseminate that Plaintiff's, Midland Credit MGMT INC. Account #854088XXXX, was delinquent. This is false information which has damaged Plaintiff's reputation and credibility.

104. Experian did publish and disseminate that Plaintiff's, Bank of America Account #431351499123XXXX, was delinquent. This is false information which has damaged Plaintiff's reputation and credibility.

105. Experian did publish and disseminate that Plaintiff's, Chase Bank USA, NA Account #455953500002XXXX, was delinquent. This is false information which has damaged Plaintiff's reputation and credibility.

106. Experian did publish and disseminate that Plaintiff's, GECRB/Home Design-OU Account #605140080014XXXX, was delinquent. This is false information which has damaged Plaintiff's reputation and credibility.

107. Experian did publish and disseminate that Plaintiff's, Household Finance CO Account #2135840017XXXX, was delinquent. This is false information which has damaged Plaintiff's reputation and credibility.

108. Experian did publish and disseminate that Plaintiff's, Wells Fargo Account #14291796XXXX, was delinquent. This is false information which has damaged Plaintiff's reputation and credibility.

109. Experian did publish and disseminate that Plaintiff's, GECRB/JC Penneys Account #600889824760XXXX, was delinquent. This is false information which has damaged Plaintiff's reputation and credibility.

110. Experian did publish and disseminate that Plaintiff's, Asset Acceptance LLC Account #4191XXXX, was delinquent. This is false information which has damaged Plaintiff's reputation and credibility.

111. Experian did publish and disseminate that Plaintiff's, HFC Account #840018XXXX, was delinquent. This is false information which has damaged Plaintiff's reputation and credibility.

CRA VIOLATIONS

TRANS UNION

112. Trans Union did publish and disseminate that Plaintiff's, Household Credit Services Account #540791502533XXXX, was delinquent. This is false information which has damaged Plaintiff's reputation and credibility.

113. Trans Union did publish and disseminate that Plaintiff's, Sears/CBNA Account #504994011388XXXX, was delinquent. This is false information which has damaged Plaintiff's reputation and credibility.

114. Trans Union did publish and disseminate that Plaintiff's, Sears/Citibank SD, NA Account #512107502687XXXX, was delinquent. This is false information which has damaged Plaintiff's reputation and credibility.

115. Trans Union did publish and disseminate that Plaintiff's, American General Finance Account #1103244601734XXXX, was delinquent. This is false information which has damaged Plaintiff's reputation and credibility.

116. Trans Union did publish and disseminate that Plaintiff's, Midland Credit MGMT INC. Account #854088XXXX, was delinquent. This is false information which has damaged Plaintiff's reputation and credibility.

117. Trans Union did publish and disseminate that Plaintiff's, Bank of America Account #431351499123XXXX, was delinquent. This is false information which has damaged Plaintiff's reputation and credibility.

118. Trans Union did publish and disseminate that Plaintiff's, Chase Bank USA, NA Account #455953500002XXXX, was delinquent. This is false information which has damaged Plaintiff's reputation and credibility.

119. Trans Union did publish and disseminate that Plaintiff's, GECRB/Home Design-OU Account #605140080014XXXX, was delinquent. This is false information which has damaged Plaintiff's reputation and credibility.

120. Trans Union did publish and disseminate that Plaintiff's, Household Finance CO Account #2135840017XXXX, was delinquent. This is false information which has damaged Plaintiff's reputation and credibility.

121. Trans Union did publish and disseminate that Plaintiff's, Wells Fargo Account #14291796XXXX, was delinquent. This is false information which has damaged Plaintiff's reputation and credibility.

122. Trans Union did publish and disseminate that Plaintiff's, GECRB/JC Penneys Account #600889824760XXXX, was delinquent. This is false information which has damaged Plaintiff's reputation and credibility.

123. Trans Union did publish and disseminate that Plaintiff's, Asset Acceptance LLC Account #4191XXXX, was delinquent. This is false information which has damaged Plaintiff's reputation and credibility.

124. Trans Union did publish and disseminate that Plaintiff's, HFC Account #840018XXXX, was delinquent. This is false information which has damaged Plaintiff's reputation and credibility.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully prays that the Court:

1. Enter Declaratory judgment against all Defendants and in favor of Plaintiff for each law violation alleged in this Complaint;

2. Order the named Defendants to remove the false information from Plaintiffs file;

3. A permanent injunction that the named Defendants, their assigns or agents from relisting or selling said false reports to debt collectors to further harass Plaintiff;

4. Award Plaintiff monetary civil penalty for each violation of the FCRA as alleged in this complaint;

5. Punitive damages of $250,000.00 against each named Furnisher of the consumer report; and,

$1,000,000.00 against each named Credit Reporting Agency for defamation of character, humiliation, and emotional distress.

6. Enjoin defendants from violating the FCRA;

7. Award plaintiff such additional relief as the Court deems just and proper.


Dated: April 4, 2012

Respectfully submitted,


_____

Paul Alec Monje

1
2  Paul Alec Monje
   22695 Martin Street
3  Perris, CA 92570
   (951) 346-6153
4   xrz.paul92@gmail.com
5  Pro se

6            **UNITED STATES DISTRICT COURT**
7          **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

8
   PAUL ALEC MONJE,               :    Case No.
9                  Plaintiff,     :
   Vs.                            :
10                                :
                                  :
11 EQUIFAX; TRANS UNION;          :
   HOUSEHOLD CREDIT SERVICES;     :
12 SEARS/CBNA; SEARS/CITIBANK SD, :
   NA; AMERICAN GENERAL FINANCE;  :
13 MIDLAND CREDIT MGMT INC.; BANK :
   OF AMERICA; CHASE BANK USA, NA; :
14 GECRB/HOME DESIGN-OU;          :
15 HOUSEHOLD FINANCE CO.;  HSBC   :    **VERIFICATION**
   BANK; WELLS FARGO; GECRB/JC    :
16 PENNEY; ASSET ALLIANCE LLC; HFC; :
17              Defendants.        :
   _____

18
19      I, Paul Alec Monje, do hereby swear under the penalty of perjury the contents of the
20 instant complaint are true and correct to the best of my knowledge, information, and belief.
21 DATE: April 4, 2012
22
23
24  _____
25            Paul Alec Monje
26
27
28



**WELLS FARGO**

**Education Financial Services**
PO Box 5185
Sioux Falls, SD 57117-5185
1-800-658-3567

June 14, 2011

001533-01073-0591-CC
PAUL MONJE
22695 MARTIN ST
PERRIS, CA 92570

Re: 16564010 / 95036-83994
*Wells Fargo Education Connection®* Loan

Dear Paul:

You recently applied for a *Wells Fargo Education Connection* Loan. We carefully considered your loan request and are unable to approve it at this time.

If you would like a statement of specific reasons why your application was denied, please contact us at the address shown above or call 1-800-658-3567 within 60 days of the date of this letter. We will provide you with the statement of reasons within 30 days after receiving your request.

Our credit decision was based in whole or in part on information obtained in a report from the consumer reporting agency listed. The reporting agency played no part in our decision and is unable to supply specific reasons why we have denied credit to you.

Equifax Information Services
P.O. Box 740241
Atlanta, GA 30374-0241

800 685-1111  www.Equifax.com

You have a right under the Fair Credit Reporting Act to know the information contained in your credit file at the consumer reporting agency. You have a right to a free copy of your report from the reporting agency, if you request the report no later than 60 days after you receive this notice. In addition, if you find that any information contained in the report you receive is inaccurate or incomplete, you have the right to dispute the matter with the reporting agency.

Sincerely,
Wells Fargo Education Financial Services

NOTICE:  The federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age (provided the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act. The federal agency that administers compliance with this law concerning this creditor is:

Office of the Comptroller of the Currency

Customer Assistance Unit

1301 McKinney Avenue, Suite 3450

Houston, TX  77010-9050

LPD043 (10-06)                                                                                                    64300 V26 052011

*Wells Fargo Education Financial Services is a division of Wells Fargo Bank, N.A.*

*Regency Consulting, Inc.*

14150 Grant Street, Suite 33
Moreno Valley, California 92553
(951) 231-5886

To:     Trans Union
        PO Box 2000
        Chester, PA 19022

In re:   Paul Alec Monje, SSI# 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. DOB 09/29/92

Dear Sir:

   Please be advised that your firm has reported false credit information about my client Paul Alec Monje.  Paul just turned 18 on September 29, 2010, and therefore could not have contracted with any financial firm; not legally anyway.

   Please remove this disparaging report from the young man's credit immediately within 5 business days.  If you do not do so within the aforesaid time frame you will be sued in Federal Court for violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692 and for slander and liable (under pendent jurisdiction).  If you are dilatory in removing this slanderous and libelous information and you further damage this young man's credit we will seek punitive damages.  Your report has already cost him a student loan for his college education.  In the event you fail to rectify your outrageous mistake we will seek college funding from you.

   I expect to hear from your office promptly.  Please be advised that once we file a complaint there will be no settlement: There will be a trial. We all know how everyone loves financial institutions that destroy a young boys career before he has a chance to begin one.

                    Respectfully,

                    Raoul Clymer

P.S.: Enclosed are copies of Paul's driver license and Social Security Card for your perusal.

Cc: File/RC





**SENDER:** COMPLETE THIS SECTION

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X ☐ Agent
☐ Addressee

B. Received by ( Printed Name ) | C. Date of Delivery

1. Article Addressed to:

Experian
National Consumer Asst Ctr
PO Box 2002
Allen TX 75013
DISPUTE LETTER

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

701 EXPERIAN
JUL 01 2011

3. Service Type
☐ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number
(Transfer from service label) | 7010 0780 0000 3357 9875

PS Form 3811, February 2004 — Domestic Return Receipt — 102595-02-M-1540

---

2. Article Number
(Transfer from service label) | 7010 3090 0000 1080 9037

PS Form 3811, February 2004 — Domestic Return Receipt — 102595-02-M-154

---

2. Article Number
(Transfer from service label) | 7010 0780 0000 3357 9882

PS Form 3811, February 2004 — Domestic Return Receipt — 102595-02-M-154

---

2. Article Number
(Transfer from service lab) | 7010 3090 0000 1080 7804

PS Form 3811, February 2004 — Domestic Return Receipt — 102595-02-M-1540

---

2. Article Number
(Transfer from service label) | 7010 3090 0000 1080 7781

PS Form 3811, February 2004 — Domestic Return Receipt — 102595-02-M-154

---

2. Article Number
(Transfer from service label) | 7010 3090 0000 1080 7774

PS Form 3811, February 2004 — Domestic Return Receipt — 102595-02-M-1540

---

2. Article Number
(Transfer from service label) | 7010 3090 0000 1080 7880

PS Form 3811, February 2004 — Domestic Return Receipt — 102595-02-M-1540

---

2. Article Number
(Transfer from service labe) | 7010 3090 0000 1080 7835

PS Form 3811, February 2004 — Domestic Return Receipt — 102595-02-M-1540

---

2. Article Number
(Transfer from service label) | 7010 3090 0000 1080 7767

PS Form 3811, February 2004 — Domestic Return Receipt — 102595-02-M-1540

---

2. Article Number
(Transfer from service label) | 7010 3090 0000 1080 7798

PS Form 3811, February 2004 — Domestic Return Receipt — 102595-02-M-154

---

2. Article Number
(Transfer from service label) | 7010 3090 0000 1080 7859

PS Form 3811, February 2004 — Domestic Return Receipt — 102595-02-M-1540

---

2. Article Number
(Transfer from service lab) | 7010 3090 0000 1080 7873

PS Form 3811, February 2004 — Domestic Return Receipt — 102595-02-M-154

---

2. Article Number
(Transfer from service lab) | 7010 3090 0000 1080 7842

PS Form 3811, February 2004 — Domestic Return Receipt — 102595-02-M-1540

---

2. Article Number
(Transfer from service label) | 7010 3090 0000 1080 7828

PS Form 3811, February 2004 — Domestic Return Receipt — 102595-02-M-1540

---

2. Article Number
(Transfer from service label) | 7010 3090 0000 1080 7811

PS Form 3811, February 2004 — Domestic Return Receipt — 102595-02-M-1540

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge George H. King_____ and the assigned discovery Magistrate Judge is David T. Bristow_____.

The case number on all documents filed with the Court should read as follows:

### EDCV12-00497 GHK (DTBx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

## NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

| ☑ **Western Division** | ☐ **Southern Division** | ☐ **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

**Failure to file at the proper location will result in your documents being returned to you.**

CV-18 (01/09)    NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Name & Address:
PAUL ALEC MONJE
22695 Martin Street
Perris, CA 92570

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

PAUL ALEC MONJE,

                                                    PLAINTIFF(S)

          v.

EQUIFAX,
*(see attached)*

                                                    DEFENDANT(S).

| CASE NUMBER |
| --- |
| EDCV12-00497 GHK(DTBx) |

**SUMMONS**

TO:       DEFENDANT(S):

          A lawsuit has been filed against you.

          Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, _PAUL ALEC MONJE_____, whose address is _22695 Martin Street, Perris, CA 92570_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

                              TERRY NAFISI

                              Clerk, U.S. District Court

Dated:  __APR 11 2012___                    By: ___L. MURRAY_____
                                                 Deputy Clerk

                                                 *(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

NO FAX

Paul Alec Monje
22695 Martin Street
Perris, CA 92570
(951) 346-6153
xrz.paul92@gmail.com

Pro se

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PAUL ALEC MONJE, | : | Case No. |
| Plaintiff, | : | |
| Vs. | : | |
| | : | |
| EQUIFAX; TRANS UNION; | : | |
| HOUSEHOLD CREDIT SERVICES; | : | **COMPLAINT FOR CIVIL** |
| SEARS/CBNA; SEARS/CITIBANK SD, | : | **PENALTIES,  INJUNCTIVE,** |
| NA; AMERICAN GENERAL FINANCE; | : | **PUNITIVE DAMAGES,** |
| MIDLAND CREDIT MGMT INC.; BANK | : | **AND OTHER RELIEF** |
| OF AMERICA; CHASE BANK USA, NA; | : | |
| GECRB/HOME DESIGN-OU; | : | (Verified) |
| HOUSEHOLD FINANCE CO.;  HSBC | : | |
| BANK; WELLS FARGO; GECRB/JC | : | |
| PENNEY; ASSET ALLIANCE LLC; HFC; | : | |
| Defendants. | : | |

Comes now, Paul Alec Monje, Plaintiff respectfully filing his Complaint for Civil

Penalties, and sets forth the following in support thereof:

1. Plaintiff brings this action under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. sections

1681-1681u, to obtain monetary civil penalties and injunctive or other relief for defendants'

violations of the FCRA.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over subject matter pursuant 28 U.S.C. ss 1331, 1337(a), 1345, and

1355, and under 15 U.S.C. s 1681p.

3. Venue is proper in the United States District Court for the Central District of